Barkley B. Smith, ISBN 9193
Barkley Smith Law, PLLC
 910 Main St. Suite 358C
Boise, ID 83702
P: 314-322-7639
F: 208-429-8233
Email: barkley@barkleysmithlaw.com

Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
P: (208) 359-5532
F: (208) 485-8528
Email: ryanballardlaw@gmail.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| ZONIA ORTEGA,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>COLLECTION BUREAU INC.,<br><br>　　　　　Defendant. | Case No. 16-cv-404<br><br>**COMPLAINT**<br><br><br><br><br><br>DEMAND FOR JURY TRIAL |

　　　　COMES NOW, Plaintiff Zonia Ortega, by and through her counsel of record, Barkley B. Smith of Barkley Smith Law, PLLC and Ryan A. Ballard of Ballard Law, PLLC, and allege her causes of action against Defendant as follows:

**Complaint - 1 of 4**

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC § 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 USC § 1692k (d) because the illicit collection activity was directed at Plaintiff in Canyon County, Idaho.

4. Venue is proper in this district under 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff is a natural person currently residing in Canyon County, Idaho.

6. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

7. The debt Ms. Ortega allegedly owes arises out of personal, family, or household transaction(s).

8. Specifically, Ms. Ortega believes the debt is a judgment in obtained against Ms. Ortega and Victor Rodriguez by Collection Bureau, Inc. in Idaho state court.

9. Collection Bureau, Inc. is an Idaho corporation in the business of collecting debts, with its corporate address as 719 1st St. S., Nampa, Idaho 83653.

10. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## GENERAL ALLEGATIONS

11. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

12. On May 26, 2015 Defendant filed a complaint against Plaintiff for debts allegedly owed by Plaintiff.

13. Defendant included in complaint against Plaintiff where several debts which were not owed by Plaintiff in direct violation of 15 U.S.C. 1692e(2)(A).

14. The debts listed in Count IV through Count VII were incorrectly applied to Plaintiff when the debts where in fact incurred by Jorge Ortega before Plaintiff and Mr. Ortega entered marriage.

15. Plaintiff notified Defendant on multiple occasions that the debts in question where not in fact owed by her.

16. A representative for Defendant incorrectly told Plaintiff on each occasion that Defendant could obtain a judgment against her in regards to the debts in question because she was currently married to Mr. Ortega in direct violation of 15 U.S.C. 1692e(2)(A).

17. Due to Defendant's statements, Plaintiff allowed Defendant to take a Default Judgment on the claim against Plaintiff in State Court.

18. Defendant filed the necessary paperwork for a Default Judgment against Defendant on September 9, 2015. A Default Judgment was entered against Plaintiff on September 10, 2015.

19. Defendant has continued collection activities by obtaining a Writ of Execution and following that act by garnishing Plaintiff's paycheck. .

## COUNT I: VIOLATION OF THE FDCPA

24. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

**Complaint - 3 of 4**

25. Defendant made false and misleading statements in regards to Plaintiff regarding debts allegedly owed by Plaintiff. Defendant incorrectly alleged Defendant could obtain judgments against Plaintiff in reference to several debts.

26. Statements made by Defendant caused Plaintiff to incorrectly accept default judgments on debts she is not legally obligated to.

27. Defendant's conduct is in direct violation of 15 U.S.C. §1692e(2)(A) which prohibits debt collectors from making false or misleading representations in regards to the "character, amount or legal status of any debt".

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant as follows:

A. Judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

C. Release of the alleged debt;

D. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

E. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

Respectfully submitted by,

/s/ Barkley B. Smith  
BARKLEY B. SMITH  
Barkley Smith Law, PLLC

**Complaint - 4 of 4**